38

David M. SPAIN, Petitioner,

v.

Louis A. PODREBARAC,
et al., Respondents.

No. 95–3399–DES.

United States District Court,
D. Kansas.

Oct. 4, 1995.

David J. Gottlieb, University of Kansas, School of Law, Lawrence, KS, Ronald E. Wurtz, Capital Defense Coordinator, Topeka, KS, for petitioner.

Patrick W. Peters, Office of Attorney General, Topeka, KS, for Louis A. Podrebarac, Carl Osbon, Carla J. Stovall.

### ORDER

SAFFELS, District Judge.

This matter is before the court on a petition for habeas corpus filed prior to trial in the underlying criminal action. The petitioner, David Spain, is currently housed in a Colorado jail and is subject to a detainer filed by Kansas authorities. Petitioner was charged with attempted murder by a complaint/information filed in Haskell County, Kansas, on March 17, 1995, and the petition-

er has advised the court that it is expected this charge will be amended to capital murder.

Due to the unusual posture of this case, some discussion of its procedural history is warranted. On July 19, 1995, Ronald Wurtz was appointed to represent petitioner in the state criminal action. He commenced preparation and filed a number of motions related to discovery and evidentiary matters. On August 29, 1995, the Attorney General filed a petition for writ of quo warranto in the Kansas Supreme Court to vacate or set aside the appointment of counsel and to obtain a declaratory judgment by the Kansas Supreme Court interpreting a state statute. On September 21, 1995, the Kansas Supreme Court issued a brief order which vacated the appointment of counsel.

On September 26, 1995, this court appointed Wurtz to represent petitioner in a habeas corpus action to be filed with the court. On September 28, the petitioner filed a motion seeking a stay of the Order of the Kansas Supreme Court. On September 29, 1995, the Attorney General filed a motion to vacate or set aside the Order or to stay the appointment of counsel. The petition for habeas corpus was filed on October 2, 1995, and no responsive pleading has yet been ordered.

The court heard oral argument on October 4 on the respondent's motion to vacate and on a request by both parties for substitution of counsel. Having considered the record and the arguments of the parties, the court makes the following findings and order.

*Discussion*

■ The issues in this action are novel and implicate a constitutional right which is fundamental to our system of justice, the right to counsel. The respondent argues with some force that this issue is a matter of state law, and it is true that the State has the primary authority to define and enforce its criminal laws. The court has no desire to intrude upon matters of state law. However, it is equally true that the federal Constitution guarantees an accused the right to compe-tent counsel, and this right is nowhere more important than in the context of a capital case. Because the court is persuaded that significant issues of constitutional dimension are presented by this case, the court will direct the Attorney General to file a response to the petition for habeas corpus.[1]

■ Next, because it appears counsel for petitioner and respondent have become embroiled in matters which could impair the expeditious handling of this matter, the court agrees the appointment of substitute counsel for petitioner in this habeas corpus action is appropriate.

■ Finally, the court has carefully considered the arguments of the parties on whether this court should grant a temporary stay of the order of the Kansas Supreme Court which effectively terminated representation for petitioner in the Kansas criminal action. This court, reviewing claims for habeas corpus relief, has the authority to stay state court action "against the person detained in any State court or by or under the authority of any State for any matter involved in the habeas corpus proceeding." 28 U.S.C. § 2251. This is an extraordinary remedy, but one which the court believes is warranted by the circumstances of this case.

In reaching this conclusion, the court has considered the decision in *United States v. Dolack,* 484 F.2d 528 (10th Cir.1973), which was cited by petitioner during argument. In *Dolack,* the United States Court of Appeals for the Tenth Circuit considered the failure to appoint counsel for approximately thirteen months after the request of the defendant, who was then housed in a Canadian jail. The court granted dismissal of the action, stating:

"What is before us is whether the defendant's assertion, after indictment, of his right to counsel, notwithstanding the fact that he was then in a Canadian prison, and the denial of counsel at that time violated his Sixth Amendment rights. We hold that it did." *Id.* at 530–31.

The concerns identified by the *Dolack* court, such as the need to afford assistance

---

1. The court rejects respondent's contention the court lacks jurisdiction to consider this petition because petitioner is housed outside the District of Kansas. *See Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973).

to a criminal defendant faced with the complexities of the criminal law, the need for investigative assistance in preparing a defense, and the prospect of a lengthy delay before trial commences, are also presented by this case. This court is mindful of the critical importance of the appointment of counsel early in a criminal prosecution and is particularly aware of the likelihood of delay in a case which may involve extradition. Indeed, the commendable efforts of Wurtz to protect petitioner's rights to this point might be wholly offset by the removal of counsel at this juncture. Accordingly, the court is persuaded that a temporary stay of the Order of the Kansas Supreme Court is a proper means to remove the prejudice to petitioner occasioned by a lack of representation while the court reviews the merits of the habeas corpus action.

IT IS THEREFORE ORDERED David Gottlieb is appointed as substitute counsel for petitioner in this habeas corpus action. The court requests this counsel file an entry of appearance on or before October 13, 1995.

IT IS FURTHER ORDERED respondent herein is hereby required to show cause within twenty (20) days from the date of this order why the writ should not be granted. Petitioner is granted ten (10) days after receipt by him of a copy of respondent's answer and return to file a traverse thereto, admitting or denying, under oath, all factual allegations therein contained. No extensions will be granted.

IT IS FURTHER ORDERED the petitioner's motion for a stay of the order of the Kansas Supreme Court is granted. This stay will operate to reinstate Ronald Wurtz as counsel for petitioner in the criminal action against him. The stay will remain in effect pending the review of petitioner's request for habeas corpus relief and until further order of the court.